# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SHARON M. AUSTIN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:12-CV-1826-JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Sharon M. Austin to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 [Doc. #1].

On December 14, 2006, a jury convicted petitioner of one count of conspiracy to distribute and possess with the intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of conspiracy to launder money in violation of 18 U.S.C. § 1956(a)(1)(A)(i). She was sentenced on March 2, 2007, to 120 months' imprisonment and 5 years of supervised release. The United States Court of Appeals for the Eighth Circuit affirmed the judgment on February 24, 2009, and the mandate issued on March 30, 2009.

Movant seeks relief from her conviction and sentence on the grounds that she has engaged in programming and has "around 50 certificates," she needs to be home

to help her elderly mother, who has a heart condition, she has "worked Unicor up until [the] last 3 mo.," and she has no incident reports.

## Discussion

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1) and subject to summary dismissal. Movant's conviction became final in 2009, but she did not file this motion to vacate until September 2012. Thus, it appears that this motion to vacate is untimely.

Because movant has not advanced an explanation that warrants tolling of the one-year statute of limitations,[1] the Court will order her to show cause within thirty days of the date of this Order as to why this matter should not be dismissed as untimely.

Accordingly,

**IT IS HEREBY ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant motion appears to be time-barred.

**IT IS FURTHER ORDERED** that movant shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant motion as time-barred. Movant's failure to file a show cause response shall

---

[1] Movant claims that this action is untimely because she "[d]idn't know about the 2255." This explanation does not warrant equitable tolling.

result in the denial of the instant motion to vacate and the dismissal of this action as time-barred.

Dated this  18th day of October, 2012.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE